IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NYVEA OTERO VAZQUEZ, <u>et al.</u>, | |
| **Plaintiff(s)** | |
| **v.** | **CIVIL NO.** 10-1605 (JAG) |
| ORLANDO ORTIZ CHEVRES, <u>et al.</u>, | |
| **Defendant(s)** | |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Before the Court is Defendant Orlando Ortiz Chevres's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2)&(5). (Docket No. 14). Also before this Court is all of the Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 13). For the reasons set forth below, the Court hereby **DENIES** Ortiz's Motion to Dismiss and **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 1, 2010 Plaintiffs Nivea Otero Vazquez ("Otero") and Janet I. Pedroza ("Pedroza") filed a complaint for violation of their Civil Rights against Orlando Ortiz Chevres ("Ortiz"), Charity Rivera Vázquez ("Rivera"), Emmanuel Matos García ("Matos"), Marialis Figueroa ("Figueroa"), Carlos Rios ("Rios") and Insurance Company ABC ("ABC"). (Docket No. 1). Plaintiffs

Civil No. 10-1605 (JAG)                                               2

Otero and Pedroza, public employees in the Municipality of
Naranjito, bring suit under 42 U.S.C. § 1983 and seek damages
suffered as a result of political discrimination in the
workplace due to their affiliation with the Popular Democratic
Party ("PDP").

Following the 2008 general elections, Defendant Ortiz,
member of the New Progressive Party ("NPP"), was elected Mayor
of Naranjito. Plaintiffs, lifelong members of the PDP, allege
that starting on January 2009 they endured constant comments and
threats from Defendants, suggesting Plaintiffs would not keep
their current positions for long. In addition, the work that was
assigned to them was not related to their career positions, as
only menial tasks and work that had already been completed by
other employees was given to them. Plaintiffs claim the only
motive for these actions was discriminatory since co-Defendants,
all members of the NPP, were well aware of their political
affiliation with the PDP.

Specifically, Plaintiffs allege, *inter alia*, that: Rivera
attempted to change Pedroza's flexible time schedule, which she
had due to the Affirmative Action Plan implemented in the
office; García required only Otero (and the office Secretary) to
sign in every time she left the office, even for bathroom
breaks; Garcia moved Otero's desk, office and personal effects,
while she was not present, to another desk near the Secretary's

Civil No. 10-1605 (JAG)                                                  3

office; García also precluded Otero from accessing audit files needed to perform her work; Otero and Pedroza were not invited to several activities sponsored by the Administration of the Municipality; Otero received a letter alleging "abandonment of work area" and her salary was retained, even though she presented a medical certificate evidencing she was ill, and; Pedroza was transferred to another division where there were no duties to perform, while her previous position was given to an NPP employee, and was never given an opportunity to have this decision reviewed. Plaintiffs informed these grievances to the Defendants, but no action was taken to resolve the matter.

As a result of Defendants' actions, Plaintiffs allege they have been placed in unreasonable inferior working conditions and have suffered violations of their First and Fourteenth Amendment rights, as well as their rights under the laws and Constitution of the Commonwealth of Puerto Rico. The damages suffered are estimated in the amount of $3,000,000. Also, Plaintiffs allege they are entitled to punitive damages in the amount of $2,000,000.

On October 26, 2010 Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6). Shortly thereafter, Defendant Ortiz filed a Motion to Dismiss Pursuant to Rule 12(b)(2)&(5). Plaintiffs timely filed oppositions to both motions. (Docket Nos. 21, 22).

Civil No. 10-1605 (JAG)                                                4

**STANDARD OF REVIEW**

Standard of Review under Rule 12(b)(5)

"Effectuation of service is a precondition to suit."
Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir.1998).
Federal Rule of Civil Procedure 12(b)(5) permits a court to
dismiss an action for "insufficient service of process." Fed. R.
Civ. P. 12(b)(5). A defendant may "object to the plaintiff's
failure to comply with the procedural requirements for proper
service of the summons and complaint" as set forth in Rule 4.
Thompson v. Sears, Roebuck and Co., No. 04-5342, 2006 WL 573796,
at 2 (E.D. Pa. 2006). "In resolving a motion under Rule
12(b)(5), the party making the service has the burden of
demonstrating its validity when an objection to service is
made." Id., (citing Reed v. Weeks Marine, Inc., 166 F. Supp. 2d
1052, 1054 (E.D. Pa. 2001).

Standard of Review under Rule 12(b)(6)

The Supreme Court has stated in Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007), that in order for a complaint to survive a
motion to dismiss under Rule 12(b)(6), it must allege "a
plausible entitlement to relief." Rodríguez-Ortiz v. Margo
Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting
Twombly, 550 U.S. at 559). While Twombly does not require
heightened fact pleading of specifics, it does require enough

Civil No. 10-1605 (JAG)                                                  5

facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court recently upheld Twombly and clarified that two underlying principles must guide this Court's assessment of the adequacy of the plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50. First, the court must identify any conclusory allegations in the complaint as such allegations are not entitled to an assumption of truth. See id. at 1949. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. See id. A

claim has facial plausibility when the pleaded facts allow the court to reasonably infer that the defendant is liable for the specific misconduct alleged. <u>See</u> <u>id.</u> at 1949, 1952. Such inferences must be more than a sheer possibility and at least as plausible as any obvious alternative explanation. <u>See</u> <u>id.</u> at 1949, 1951. Plausibility is a context-specific determination that requires the court to draw on its judicial experience and common sense. <u>See</u> <u>id.</u> at 1950.

## DISCUSSION

<u>Motion to Dismiss under Rule 12(b)(2)&(5)</u>

The Court will address, as a threshold matter, whether Ortiz was properly served and, therefore, whether the Court has personal jurisdiction over Ortiz. According to the Proof of Service, Plaintiff attempted to effect service on Ortiz by leaving a copy of the summons and the complaint with Myrna L. Santiago ("Santiago"). (Docket No. 6, p. 2). Ortiz then submitted an "Unsworn Statement under Penalty of Perjury" stating he never authorized or appointed Santiago to receive service on his behalf in his personal capacity. (Docket No. 14-1). The Courts have held, under Fed.R.Civ.P. 4, that even when a secretary is authorized to receive summons on behalf of an individual in his official capacity, the secretary may not receive summons in the individual's personal capacity if she has

Civil No. 10-1605 (JAG)                                                    7

not been authorized to do so. <u>See</u> <u>Figueras v. Autoridad de</u>
<u>Energia Electrica, 553 F.Supp.2d 43 (2007)</u>.

Thus, Ortiz has not been properly served in his personal
capacity, and the Court has no personal jurisdiction over this
Defendant. However, "[t]he general rule is that 'when a court
finds that service is insufficient but curable, it generally
should quash the service and give the plaintiff an opportunity
to re-serve the defendant.' " *Gregory v. United States/United*
*States Bankruptcy Court for the Dist. of Colo.,* 942 F.2d 1498,
1500 (10th Cir.1991)(quoting *Pell v. Azar Nut Co.,* 711 F.2d 949,
950 n. 2 (10th Cir.1983)). Therefore, since this Court finds
that Plaintiffs, if given the opportunity, could properly serve
Ortiz in his personal capacity, it will grant additional time
for Plaintiffs to do so.

<u>Motion to Dismiss under Rule 12(b)(6)</u>

Defendants argue that Plaintiffs have failed to plead that
Pedroza and Otero have been deprived of any rights secured by
the Constitution of the United States by Defendants, while
acting under color of state law. Defendants further argue that
Plaintiffs have not been able to prove that the challenged
actions occurred due to political discrimination, in accordance
with <u>Mount Healthy City Board v. Doyle</u>, 429 U.S. 274 (1977).

Political association is one of the core freedoms
guaranteed by the First Amendment. <u>See</u> <u>Elrod v. Burns</u>, 427 U.S.

Civil No. 10-1605 (JAG)                                          8

347, 354 (1976). The First Circuit has established that a *prima
facie* case of political discrimination has four elements: "(1)
that the plaintiff and defendant have opposing political
affiliations, (2) that the defendant is aware of the plaintiff's
affiliation, (3) that an adverse employment action occurred, and
(4) that political affiliation was a substantial or motivating
factor for the adverse employment action." <u>Lamboy-Ortiz v.
Ortiz-Vélez</u>, 630 F.3d 228, 240 (1st Cir. 2010) (citing <u>Welch v.
Ciampa</u>, 542 F.3d 927, 938 (1st Cir. 2008)).

     According to the Plaintiffs' claims, Defendants are all
members of the NPP, while Plaintiffs are active members of the
PDP. It is undisputed that Defendants were well aware of
Plaintiffs' political affiliations with the PDP. Having said
that, Plaintiffs contend they were both subject to adverse
employment actions by Defendants.

     Among her numerous allegations, Plaintiff Otero states her
salary was retained for one day of absence, even though she
presented a medical certificate as evidence of being ill. She
was also allegedly required to sign in and out of the office,
even when using the restroom; said procedure was only required
of Otero (and the Secretary) and was used several times to
reprimand her.

     The Courts have stated that "[a]ctions of informal
harassment, as opposed to formal employment actions like

transfers or demotions, can be the basis for first amendment claims if the motive was political discrimination; but this is so only if the discriminatory acts are 'sufficiently severe to cause reasonably hardy individuals to compromise their political beliefs and associations in favor of the prevailing party.'" Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 227 Ed. Law Rep. 57 (1st Cir. 2007)(quoting Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 4 I.E.R. Cas. (BNA) 1827 (1st Cir. 1989)). Plaintiff Otero's alleged First Amendment violations thus survive a Motion to Dismiss under Rule 12(b)(6).

As to Plaintiff Pedroza's allegations, she claims she was told she would not keep her position for long. Also, she was transferred, without her consent to another division where she received less work, while her position was given to an NPP affiliate. The Court notes that "[a]n internal transfer can be an adverse employment action if 'accompanied by a negative change in the terms and conditions of employment.'" Terry v. Ashcroft, 336 F.3d 128, 144 (2d Cir. 2003)(quoting Morris v. Lindau, 196 F.3d 102, 113 (2d Cir.1999)) Interpreting Plaintiff Pedroza's claims liberally under Haines v. Kerner, 404 U.S. 519 (1972), it is the opinion of this Court that she has stated a plausible § 1983 claim of First Amendment violations.

Regarding Plaintiffs' allegations of violations to their due process rights, the Fourteenth Amendment guarantees that the

Civil No. 10-1605 (JAG)                                          10

state shall not deprive persons of their property without due process of law. See U.S. Const. amend. XIV, § 1. In the instant case, both Plaintiffs claim they were deprived of the functions and duties inherent to their respective positions. The Courts have held that "property interests are not created by the Constitution; 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.' Rosado De Velez v. Zayas, 328 F.Supp.2d 202, 212 (D.P.R. 2004)(quoting Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In order to state a due process claim under § 1983, Plaintiffs must first prove they have a property right under state law, and that they were deprived of such right by Defendants. See Mimiya Hosp., Inc. v. U.S. Dept. of Health & Human Servs., 331 F.3d 178, 181 (1st Cir.2003). "Under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform." Id. at 212 (citing Consejo de Educacion de la U.P.R. v. Rossello, 137 D.P.R. 83, 110 (1994)).

Therefore, given that Plaintiffs continue to hold employment in the Municipality of Naranjito, their salary unaffected, the Court finds that Pedroza and Otero were not deprived of any property interest. Their Fourteenth Amendment due process claims must thus be dismissed.

**CONCLUSION**

For the reasons stated above, the Court hereby **DENIES** Defendant Ortiz's Motion to Dismiss.  All of the Defendants' Motion to Dismiss is **DENIED** as to Plaintiffs' claims of First Amendment violations, and **GRANTED** as to the claims of due process violations. Plaintiffs' Fourteenth Amendment due process claims are hereby dismissed with prejudice.

Finally, service upon Defendant Ortiz in his personal capacity was ineffective and is hereby quashed. Plaintiff will be allowed additional time up to August 29, 2011 to effect proper service upon Ortiz in his personal capacity.


IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th of July, 2011.


S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge